Mario Pittohi, J.
Petitioner moves for an order pursuant to CPLR 5239, 5240 and 5236 vacating an execution issued under a judgment recovered by respondent General Tire and Rubber Co. against petitioner’s husband, later adjudicated a bankrupt, voiding the levy thereunder against premises of the petitioner and prohibiting the sale of the premises by the respondent Sheriff: of Nassau County.
The judgment for $51,989.87 was obtained in the Supreme Court, New York County, on April 25, 1967, and a transcript thereof docketed in the Nassau County Clerk’s office on May 1, 1967. This created a lien upon the subject premises which were then owned by petitioner and the judgment debtor as tenants by the entirety. The debtor was later adjudicated a bankrupt and was ordered discharged by the United States District Court (E.D.N.Y.) on March 1, 1973. Pursuant to an order of the referee in bankruptcy, dated November 28, 1972, the trustee in bankruptcy conveyed to petitioner all of the bankrupt’s right, title and interest in and to the subject premises.
It has not been “ established to the satisfaction of the court that the lien was invalidated or surrendered in the bankruptcy proceedings or set aside in an action brought by the receiver or trustee” (Debtor and Creditor Law, § 150, subd. 4). Petitioner, therefore, took her husband’s interest in the premises subject to the lien of the judgment.
Petitioner’s contention that the agreement between the judgment creditor and respondent Long Island Recovery, Inc., providing for collection of the amount of the judgment, is in violation of section 489 of the Judiciary Law is unpersuasive. Aside from the denial by the creditor that the agreement represented a sale or discount of the judgment, as alleged by petitioner, such an assignment of a judgment would not violate the statute (see Concord Landscapers v. Pincus, 41 A D 2d 759).
Petitioner’s motion is denied.